## Hurtig, et al. v. Lebus.

(Decided November 23, 1923.)

### Appeal from Harrison Circuit Court.

1. **Sales—Evidence Held to Sustain Finding Defendant Sold Warehouses to Plaintiff.**—In an action by purchaser to recover the value of warehouses withheld by sellers, evidence held sufficient to warrant a finding that defendants sold the warehouses to plaintiff.

2. **Partnership—Each Partner is the Agent of Firm for Transaction of Business, Unless Power Limited to Third Party's Knowledge.**—Each partner is the agent of the firm for the transaction of its business, unless the powers of the partners be specifically limited, and this fact is known to those with whom the partnership deals.

3. **Partnership—Secret Arrangement Between Partners did not Invalidate Sale of Firm Property.**—A secret arrangement between partners, by which one could not sell firm property without consent of the other, did not invalidate sale by one partner, in absence of knowledge by purchaser of the arrangement.

J. C. DEDMAN and HANSON PETERSON for appellants.

M. C. SWINFORD and WADE H. LAIL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Appellee Lebus brought this action in the Harrison circuit court against I. Hurtig and N. Pollack, alleging that on the 19th of April, 1919, Hurtig and Pollack, sold to him two whiskey warehouses at the A. Keller distillery, about one mile north of Cynthiana for the sum of $275.00, and gave him a reasonable time to remove the property from the premises, also sold to Lebus all the tier poles 12 foot long and over, in the stone warehouse at that place at $20.00 per thousand, and sold him some brick and other material about the premises at named prices; that he shortly thereafter demanded the said warehouses and tier poles and other material of the appellants but was refused delivery thereof and was told he could not have the property except a small portion which was delivered to him and for which he has paid and which is not involved in this controversy; that the said property which has been withheld from him was reasonably worth $2,250.00, which sum he sought to recover by judgment of the court. At the trial the jury awarded him the sum of $800.00, and Hurtig and Pollack, being dissatisfied with the judgment entered on the verdict, prosecute this

appeal. As grounds for new trial appellants set forth the following:

"1. Because the court erred in the refusing of giving a peremptory instruction to find for defendants as to the claim of plaintiff for damages arising from the purchase of the two warehouses claimed in the petition, on the conclusion of the testimony of the plaintiff, and in overruling the motion of defendants to give such instruction, to which defendant at the time objected and excepted.

"2. Because the court erred in admitting incompetent and irrelevant testimony relative to the value of the two houses and the measure of damages, to which defendant at the time objected and excepted.

"3. Because the court erred in giving instructions 1 & 2, to the giving of which the defendant at the time objected and excepted.

"4. Because the verdict is not sustained by the evidence."

Appellants deny they sold or agreed to sell the property mentioned in the pleadings and evidence to Lebus. The trade was made in the presence of several persons, according to the evidence for Lebus, his secretary testifying she was present and that she made a memorandum of the agreement, reading:

"JULY 25, '19.

"Bought of Pollack and Wertheimer this day all tier poles in stone building at Keller above 12' long and all joints in building tearing down at Lair above 12' long for $20.00 per M., and $275.00 for Nos. 3 & 4 houses at Keller unless sold to-morrow."

This writing was not signed by anyone, but she testified that after writing it she read it aloud to the contracting parties who approved it. Lebus testified that "when the trade was made on July 25, 1919, but prior to that time, Mr. Pollock visited my office, I could safely say two or three times, trying to get me to look at this property to buy it as a whole. Then he said he would sell any part of it, most any part of it. I told him then at that time I was not interested. It went on to July 25, 1919. I think it was some time in the afternoon, he came to my office again and says: 'I want to get you interested in this property; I want you to go and look at it; I want to sell you part of it. I prefer to sell it all to you.' I said to

Mr. Pollack: 'I might go to look at some of it provided you would give me some inducement to look at it.' " Without giving the conversation which led up to the bargain Lebus testified it was getting late, nearly supper time in the evening, and "they sold me the warehouses Nos. 3 & 4 at A. Keller, those tier poles and joints and a few brick at Lair with the understanding that the sale at A. Keller was to be a binding sale unless the following day it was sold to some other person. "Q. You mean that applied to the warehouse and the lumber too? A. It applied to the warehouses 3 & 4. The sale of the other was to be binding. . . . Q. State whether or not he said they would notify you on the next day? A. Yes, sir, in case the property was sold to the other parties they would notify us the next day. Q. And if they did not notify you it was your property? A. Yes, sir. Q. Did they notify you the next day, anything about it. A. No, sir."

This evidence was entirely sufficient to warrant the jury in believing, if it relied upon same, that the appellants sold to appellee Lebus the two warehouses in question.

Appellant claims, however, that by private arrangement between them Pollack had no right to make a sale of the property without the consent of Hurtig and that Hurtig knew nothing of the sale until long after it had been made and did not therefore consent to it and for this reason appellants insist the contract was not enforceable. The law governing partnerships makes each partner the agent of the firm for the transaction of its business unless the powers of the partners be specifically limited and this fact is known to those with whom the partnership deals. The secret arrangement between Hurtig and Pollack as partners, by which one of them could not sell the property of the firm without the consent of the other did not have the effect of invalidating the sale made by Pollack to Lebus in the absence of knowledge on the part of Lebus of such arrangement between the partners. Lebus had the right, in the absence of special knowledge on his part, to deal with either member of the firm and to accept delivery of the property bought by him from such member. That is the general rule; we therefore attach but little importance to this contention of appellants.

Finding no error to the prejudice of the substantial rights of appellants the judgment is affirmed.

Judgment affirmed.